**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **DIEDRA DIXON and DONALD R. LOCKHART, JR., as surviving children of DONALD R. LOCKHART, SR., Deceased, and DIEDRA DIXON, as Administrator of the Estate of DONALD R. LOCKHART, SR., Deceased,** | * * * * * * * * | |
| **Plaintiffs,** | * | |
| **vs.** | * | **Civil Action File No.: ____________** |
| **DELTA AIR LINES, INC., and JOHN DOES 1-5,** | * * | |
| **Defendant.** | * | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs DIEDRA DIXON and DONALD R. LOCKHART, JR., as surviving children and statutory wrongful-death beneficiaries of DONALD R. LOCKHART, SR., deceased, and DIEDRA DIXON, as Administrator of the Estate of DONALD R. LOCKHART, SR., deceased, by and through undersigned counsel, and file this Complaint for Damages against Defendant DELTA AIR LINES, INC. under the Convention for the Unification of Certain Rules for

International Carriage by Air, commonly known as the Montreal Convention, stating as follows:

## Introduction

**1.**

This is a death case arising from the death of Donald Ray Lockhart, Sr. following an international flight on Delta Flight 983 from Bogotá, Colombia to Atlanta, Georgia.

**2.**

On August 31, 2024, Mr. Lockhart was a fare-paying Delta passenger traveling from Bogotá to Atlanta with a scheduled connection to New Orleans, Louisiana.

**3.**

During arrival and disembarkation in Atlanta, and before Mr. Lockhart could deplane, Mr. Lockhart suffered a respiratory and cardiac medical emergency.

**4.**

Delta, and its personnel and agents, including John Does 1-5 (hereafter collectively "Delta"), undertook to render assistance. Upon information and belief, Delta provided an empty, nonfunctional, or ineffective oxygen cylinder, failed to provide adequate oxygen delivery, failed to timely and properly render emergency

assistance consistent with Delta training and protocols, and prevented others from providing timely emergency-medical access to Mr. Lockhart.

**5.**

Those unexpected and unusual events, external to Mr. Lockhart, caused or contributed to Mr. Lockhart's hypoxic injury, cardiac arrest, acute respiratory failure, cardiogenic shock, conscious pain and suffering, and death.

## Parties

**6.**

Plaintiff Diedra Dixon is an adult resident of Mississippi and is the daughter and surviving child of Donald Ray Lockhart, Sr.

**7.**

Plaintiff Donald R. Lockhart, Jr. is an adult resident of Mississippi and is the son and surviving child of Donald Ray Lockhart, Sr.

**8.**

Donald Ray Lockhart, Sr. was widowed at the time of his death. Because there is no surviving spouse, the wrongful-death claim is brought by his surviving children under applicable law, including O.C.G.A. § 51-4-2, to the extent Georgia law supplies the rule of decision for the persons entitled to sue and the measure of recoverable damages.

**9.**

Plaintiff Diedra Dixon is the duly appointed Administrator of the Estate of Donald Ray Lockhart, Sr. and brings the estate and survival claims for pre-death pain and suffering, medical expenses, funeral and burial expenses, and all other damages recoverable by the Estate.

**10.**

Defendant Delta Air Lines, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1030 Delta Boulevard, Atlanta, Georgia 30354.

**11.**

Delta Air Lines, Inc. may be served through its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, or by any other lawful means. At all relevant times, Delta Air Lines, Inc. was a commercial air carrier engaged in the business of domestic and international transportation of passengers for compensation.

**12.**

Defendants John Doe 1-5 are the unknown and unidentified entity or individual who injured Donald R. Lockhart, Sr.

**Jurisdiction and Venue**

**13.**

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under a treaty of the United States, the Montreal Convention.

**14.**

The Montreal Convention governs this action because Mr. Lockhart was engaged in international carriage by air on Delta Flight 983 from Bogotá, Colombia to Atlanta, Georgia, with a continuing itinerary to New Orleans, Louisiana.

**15.**

Under Article 17 of the Montreal Convention, a carrier is liable for damage sustained in case of death or bodily injury of a passenger where the accident that caused the death or injury took place on board the aircraft or in the course of embarking or disembarking.

**16.**

Under Article 33 of the Montreal Convention, this action may be brought in the territory of a State Party where the carrier is domiciled or has its principal place of business. Delta's principal place of business is in Atlanta, Georgia, within the Northern District of Georgia.

**17.**

This Court has personal jurisdiction over Delta because Delta is headquartered in Atlanta, Georgia, has its principal place of business in this District, conducts substantial airline operations in this District, and the events at issue occurred in whole or in substantial part in this District.

**18.**

Venue is proper in this Court under 28 U.S.C. § 1391 because Delta resides in this District for venue purposes and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, including at Hartsfield-Jackson Atlanta International Airport and through Delta's Atlanta-based operations.

**19.**

The Montreal Convention provides the exclusive liability framework for Plaintiffs' claims arising from Mr. Lockhart's death during international carriage. Plaintiffs plead the state-law wrongful-death and survival allegations below only to identify the persons entitled to sue and the compensatory damages recoverable under applicable law, and not as claims for punitive, exemplary, or other non-compensatory damages.

## **Factual Allegations**

**20.**

Donald Ray Lockhart, Sr. was born on September 24, 1953, and was seventy years old at the time of the events described in this Complaint.

**21.**

Before August 31, 2024, Mr. Lockhart had preexisting medical conditions, including respiratory issues. At relevant times, he used and traveled with a portable oxygen concentrator to assist with breathing.

**22.**

On August 31, 2024, Mr. Lockhart was a fare-paying passenger aboard Delta Flight 983 from Bogotá, Colombia to Atlanta, Georgia.

**23.**

Mr. Lockhart's ticketed itinerary included a scheduled connecting flight from Atlanta to New Orleans, Louisiana.

**24.**

Delta Flight 983 landed at Hartsfield-Jackson Atlanta International Airport in Atlanta, Georgia.

**25.**

At all relevant times, Delta, through its pilots, flight attendants, cabin crew, ground personnel, employees, and agents, maintained control over the aircraft, the

deplaning process, access to the aircraft, emergency communications, and emergency-response procedures for passengers aboard or disembarking from Delta Flight 983.

**26.**

During arrival and disembarkation, and before Mr. Lockhart could himself safely disembark, Mr. Lockhart went to a lavatory or restroom and became unresponsive.

**27.**

A family member discovered Mr. Lockhart unresponsive. Upon information and belief, the lavatory or restroom door had to be opened by force and Mr. Lockhart was found pulseless.

**28.**

Delta personnel, including John Does 1-5, had actual notice that Mr. Lockhart was suffering a life-threatening medical emergency.

**29.**

Delta personnel, including John Does 1-5, undertook to render emergency assistance to Mr. Lockhart and undertook to provide emergency oxygen.

**30.**

Upon information and belief, the oxygen cylinder or oxygen tank supplied by Delta was empty, nonfunctional, inadequately maintained, or otherwise failed to deliver meaningful oxygen to Mr. Lockhart during a respiratory emergency.

**31.**

Upon information and belief, Delta personnel failed to ensure that emergency oxygen equipment aboard or available to Flight 983 was filled, inspected, functional, accessible, and capable of delivering oxygen in an emergency.

**32.**

Upon information and belief, Delta personnel failed to timely and properly initiate, supervise, and carry out emergency medical procedures consistent with Delta training, policies, protocols, and the duties of an international common carrier.

**33.**

Rather than providing a timely and adequate Delta-led emergency response with functional emergency equipment, Delta personnel left family members and bystanders, including medical professionals who were passengers, to perform CPR while Delta failed to provide functional oxygen and timely emergency support.

**34.**

Upon information and belief, emergency medical services were delayed because the aircraft was not accessible at the gate or because Delta failed to ensure

prompt access to Mr. Lockhart by emergency responders. Further, the appearance of proper aid slowed the response of other emergency workers, who would have been called, but for the appearance of aid.

**35.**

As a result, Mr. Lockhart suffered a prolonged period without adequate oxygen and a prolonged cardiac-arrest downtime.

**36.**

Mr. Lockhart was transported to Southern Regional Medical Center in Riverdale, Georgia, where he was admitted on August 31, 2024.

**37.**

At Southern Regional Medical Center, Mr. Lockhart was diagnosed with, among other conditions, out-of-hospital cardiac arrest with prolonged downtime, acute hypoxemic respiratory failure, cardiogenic shock, multisystem organ failure, respiratory acidosis, aspiration pneumonia, shock liver, and acute kidney injury.

**38.**

Mr. Lockhart was intubated, placed on ventilatory support, and treated with critical-care measures.

**39.**

Mr. Lockhart died at Southern Regional Medical Center on September 1, 2024.

**40.**

Mr. Lockhart's death certificate identifies his immediate cause of death as acute respiratory failure due to cardiogenic shock.

**41.**

As a direct and proximate result of Delta's acts and omissions, Mr. Lockhart suffered bodily injury, hypoxic injury, cardiac arrest, conscious pain and suffering, medical expenses, funeral and burial expenses, and death.

**42.**

Medical expenses currently known include at least $71,592.46 in Southern Regional Medical Center charges, subject to amendment as additional billing and payment information is obtained.

**43.**

Funeral and burial expenses currently known include at least $9,007.19 reflected as the funeral-home balance due, subject to amendment as additional expense information is obtained.

**Count 1**

**Montreal Convention - Article 17 Liability for Death and Bodily Injury**

**44.**

Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs as if fully restated.

**45.**

Delta was a carrier engaged in international carriage by air within the meaning of the Montreal Convention.

**46.**

Mr. Lockhart was a passenger engaged in international carriage by air within the meaning of the Montreal Convention.

**47.**

The accident that caused or contributed to Mr. Lockhart's injuries and death occurred on board the aircraft and/or in the course of disembarking within the meaning of Article 17 of the Montreal Convention.

**48.**

The events described above were unexpected and unusual events external to Mr. Lockhart, including but not limited to Delta's provision of an empty, nonfunctional, or ineffective oxygen cylinder during a known respiratory emergency; failure to maintain and provide functional emergency oxygen; failure to timely and properly respond to a known in-flight or disembarkation medical emergency; failure to follow emergency medical policies, procedures, and training; failure to ensure timely access to emergency medical services; and failure to provide adequate oxygenation and emergency support after undertaking to render aid.

**49.**

These events caused, contributed to, and aggravated Mr. Lockhart's bodily injuries, cardiac arrest, acute respiratory failure, cardiogenic shock, conscious pain and suffering, and death.

**50.**

Under Article 17 of the Montreal Convention, Delta is liable for all compensatory damages caused by the accident, subject only to the terms of the Montreal Convention.

**51.**

Plaintiffs are entitled to recover all damages allowed by the Montreal Convention and applicable law, including wrongful-death damages, estate and survival damages, medical expenses, funeral and burial expenses, pre-death pain and suffering, and all other compensatory damages recoverable at law.

**Count 2**

**Montreal Convention - Article 21 Liability Above the Applicable SDR Threshold**

**52.**

Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs as if fully restated.

**53.**

Under Article 21(1) of the Montreal Convention, Delta may not exclude or limit liability for proven damages up to the Special Drawing Rights threshold applicable to this incident.

**54.**

Under Article 21(2), Delta is liable for proven damages above the applicable Special Drawing Rights threshold unless Delta proves that the damage was not due to the negligence or other wrongful act or omission of Delta or its servants or agents, or that the damage was solely due to the negligence or other wrongful act or omission of a third party.

**55.**

Delta cannot satisfy Article 21(2) because Mr. Lockhart's injuries and death were caused or contributed to by the negligence and wrongful acts or omissions of Delta and its servants, agents, employees, and contractors.

**56.**

Delta's negligence and wrongful acts or omissions include, but are not limited to, failing to maintain, inspect, and provide functional emergency oxygen equipment; providing or attempting to provide an empty, nonfunctional, or ineffective oxygen cylinder during a known respiratory emergency; failing to ensure that Delta personnel were trained and prepared to respond to respiratory and cardiac

emergencies aboard aircraft and during disembarkation; failing to timely and properly render emergency medical assistance after undertaking to do so; failing to follow applicable Delta policies, procedures, emergency protocols, and industry standards; failing to timely communicate and coordinate with airport emergency personnel and EMS; failing to ensure prompt EMS access to the aircraft and to Mr. Lockhart; failing to provide timely and adequate oxygenation during a respiratory emergency; and failing to properly supervise flight crew, cabin crew, and ground personnel during the emergency.

**57.**

Mr. Lockhart's injuries and death were not caused solely by the negligence or other wrongful act or omission of any third party.

**58.**

Delta is therefore liable for all proven compensatory damages, including damages above the applicable Special Drawing Rights threshold.

## Count 3

## Wrongful-Death Damages Under the Montreal Convention and Applicable Law

**59.**

Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs as if fully restated.

**60.**

Article 29 of the Montreal Convention preserves questions concerning who may bring suit and the respective rights of those persons, while requiring any action for damages to remain subject to the conditions and limits of the Convention.

**61.**

Mr. Lockhart was widowed at the time of his death and is survived by his children, Plaintiffs Diedra Dixon and Donald R. Lockhart, Jr.

**62.**

Plaintiffs Diedra Dixon and Donald R. Lockhart, Jr. are entitled to recover the full value of the life of Donald Ray Lockhart, Sr., as measured from the perspective of the decedent, in an amount to be proven at trial and subject to the Montreal Convention.

**63.**

The full value of Mr. Lockhart's life includes the economic and intangible value of the life he lost, including his relationships, experiences, activities, services, companionship, and the full measure of life damages recoverable by his statutory beneficiaries under applicable law.

**64.**

Delta's acts and omissions caused or contributed to Mr. Lockhart's death and the wrongful-death damages recoverable by Plaintiffs.

**Count 4**

**Estate and Survival Damages Under the Montreal Convention and Applicable Law**

**65.**

Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs as if fully restated.

**66.**

As a direct and proximate result of Delta's acts and omissions, Mr. Lockhart suffered severe bodily injury, hypoxic injury, conscious pain and suffering, medical treatment, and death.

**67.**

The Estate of Donald Ray Lockhart, Sr. is entitled to recover all estate and survival damages allowed by the Montreal Convention and applicable law, including but not limited to pre-death pain and suffering, medical expenses, funeral and burial expenses, and other necessary expenses.

**68.**

Currently known medical expenses include at least $71,592.46 for treatment rendered by Southern Regional Medical Center, subject to amendment.

**69.**

Currently known funeral and burial expenses include at least $9,007.19, subject to amendment.

**70.**

Delta is liable for these compensatory damages under the Montreal Convention and applicable law.

**WHEREFORE Plaintiffs respectfully pray as follows:**

1. That this action be tried by jury;
2. That judgment be entered in favor of Plaintiffs and against Defendant Delta Air Lines, Inc. in an amount to be determined by the enlightened conscience of a fair and impartial jury to the extent allowed by law and the Montreal Convention;
3. That Plaintiffs be awarded all compensatory damages recoverable under the Montreal Convention and applicable law, including wrongful-death damages, estate and survival damages, medical expenses, funeral and burial expenses, pre-death conscious pain and suffering, and all other compensatory damages recoverable by law;
4. That Plaintiffs be awarded pre-judgment and post-judgment interest to the extent allowed by law;
5. That all recoverable costs of this action be taxed against Defendant; and

6. For such further relief as the Court deems proper.

Dated this 30th day of June 2026.

Respectfully submitted,

**THE LAW OFFICE OF LEONARD T. MATHIS, LLC**

*/s/Leonard Mathis*________________________________
LEONARD T. MATHIS, JR.
Georgia Bar No. 976925
Attorney for Plaintiffs
235 Peachtree Street NE, Suite 400
Atlanta, Georgia 30303
Phone: 404-596-7970
Fax: 404-596-8099
Email: Leonard@LeonardTMathis.com